UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60746-CIV-COHN/SELTZER

CHRISTOPHER WALKER, M.D.,

        Plaintiff,

vs.

HALLMARK BANK & TRUST, LTD., et al.,

        Defendants.
_____/

## ORDER GRANTING MOTION TO REMAND

**THIS CAUSE** is before the Court on Defendants Hallmark Bank & Trust, Ltd. ("Hallmark Bank") and Brian Trowbridge's Motion to Remand [DE 11]. The Court has considered the Motion to Remand, Defendant Mastercard International, LLC's Response [DE 21], Defendants Hallmark Bank and Trowbridge's Reply [DE 27], the record in this case, and is otherwise advised in the premises.

On March 30, 2009, Plaintiff filed his Complaint in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County Florida. On May 20, 2009, Defendant Mastercard International, LLC ("Mastercard") filed a Notice of Removal [DE 1] to this Court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446. Defendants Hallmark Bank and Mr. Trowbridge "each do not consent, and have not consented, to removal of this action to federal court." (Motion to Remand at 2.)

In the Motion to Remand, Hallmark Bank and Mr. Trowbridge argue that this case should be remanded because Mastercard failed to satisfy the "unanimity requirement." (Id. at 4.) "The unanimity requirement mandates that in cases involving

multiple defendants, all defendants must consent to removal." Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1044 (11th Cir. 2001) (citing Chicago, R.I. & P. Ry. Co. v. Martin, 178 U.S. 245, 247-48 (1900); In re Ocean Marine Mut. Protection and Indem. Ass'n, Ltd., 3 F.3d 353, 355-56 (11th Cir. 1993); In re Federal Sav. & Loan Ins. Corp., 837 F.2d 432, 434 (11th Cir. 1988). Mastercard does not dispute that the "unanimity requirement" is not met, and instead argues that this Court should deny the Motion to Remand because two Defendants in this action, The Turks and Caicos Islands Investment Agency ("TCIIA") and Michael Misick, are subject to the Foreign Sovereign Immunities Act ("FSIA"). (Response at 2.) Neither TCIIA or Mr. Misick have appeared in this action.

The Court rejects Mastercard's argument. In Crawford v. Fargo Mfg. Co., 341 F. Supp. 762 (M.D. Fla. 1972), the court found that it was "without jurisdiction to allow amendments to supply missing allegations after the expiration of the statutory period but may allow amendments to cure defective allegations." Id. at 763. Mastercard's reliance on FSIA is not an attempt to "cure defective allegations." Rather it is a previously unasserted ground for removal raised beyond the expiration of the statutory period. Moreover, TCIIA and Mr. Misick have not appeared in this action and have not sought removal under FISA. 28 U.S.C. § 1441(d) ("Any civil action brought in a State court against a foreign state as defined in section 1603(a) of [the FISA] may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending.") (emphasis added). Accordingly, the Court will grant the Motion to Remand.

2

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendants Hallmark Bank & Trust, Ltd. and Brian Trowbridge's Motion to Remand [DE 11] is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County Florida. It is further

**ORDERED AND ADJUDGED** that any pending motions are **DENIED as moot**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 6th day of July, 2009.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF